UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY A. HOGAN,

    Plaintiff,

v.                                                                    Case No. 1:06-cv-730

COMMISSIONER OF SOCIAL                           Hon. Janet T. Neff
SECURITY,

    Defendant.

                                     /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on March 6, 1965 and completed high school (AR 56, 76).[1] Plaintiff alleges that he has been disabled since December 12, 2003 (AR 56). Plaintiff broke both of his ankles when he fell from working at a "side job" (AR 188, 192). He had previous employment as a drywall hanger and metal framer (AR 71, 85). Plaintiff identified his disabling condition as having both ankles broken and unable to walk or stand for three months (AR 70). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on February 8, 2006 (AR 14-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health*

*and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that he has not engaged in substantial gainful activity at any time relevant to the decision (AR 16). The ALJ noted that plaintiff returned to work on February 5, 2005, as a self-employed newspaper delivery man, but determined that this work did not reach substantial gainful activity (AR 16). Second, the ALJ found that he suffered from the following severe impairments, "bilateral ankle (talar neck) fractures with open reduction and instrument fixation and sequelae of avascular necrosis" (AR 17). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 17).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform a range of sedentary work:

> He can lift/carry/push/pull five pounds frequently, 10 pounds occasionally. He can stand/walk two of eight hours for 30 minutes at a time, then must be able to sit for 2-3 minutes. He is unrestricted as to sitting. The claimant can occasionally stoop, kneel and crouch. He should never crawl or perform tasks that require balance. He can occasionally climb ramps and stairs. He should never climb ladders, ropes or scaffolds. The claimant cannot perform tasks requiring the forceful use of his lower extremities. He should not work at unprotected heights and any work performed should permit the use of an assistive device for ambulation.

(AR 17). The ALJ found that plaintiff could not perform his past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a significant range of sedentary work (AR 20).  At the time of the hearing, plaintiff resided in Ohio (AR 14).  The ALJ found that there are a significant number of jobs in the regional economy (i.e., the 12 county, three-state area that comprises greater Cincinnati, Ohio), specifically: bench assembler (1,800 jobs); cashier (800 jobs); and, inspector (1,800 jobs) (AR 20).  Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 21).

### III. ANALYSIS

Plaintiff raised one issue on appeal.

**The ALJ erred by not following the most accurate answer of the vocational expert to plaintiff's RFC.**

The ALJ posed a hypothetical question to the vocational expert (VE) which included the limitations in the RFC determination (AR 200-01).  Based on these limitations, the VE testified that plaintiff could perform 4,400 sedentary jobs (i.e., assembler, cashier and inspector) (AR 201). Plaintiff admitted that he could "probably" perform work that did not require him to stand or do heavy lifting (AR 197).  When the ALJ included a limitation that the hypothetical individual needed to miss three work days per month, the VE testified that such a limitation would exclude competitive employment (AR 202).   Plaintiff contends that the ALJ should have adopted the testimony of plaintiff's wife that he would miss work on a number of days per week due to pain.

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This evidence may be produced through reliance

5

on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded). *See Sullenger v. Commissioner of Social Security*, No. 07-5161, 2007 WL 4201273 at *7 (6th Cir. Nov. 28, 2007) ("[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact").

Here, the ALJ found that plaintiff's claims were not entirely credible:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are consistent with the capacity to perform sedentary work with the additional limitations indicated.

(AR 18).

In reaching this determination, the ALJ relied on plaintiff's report to his treating physician on May 26, 2004 that he has been "doing well on the left side," which causes him no pain

or problem with ambulation, that his right ankle gives him some problems, but that "[h]e is walking without any assistive devices at this time" (AR 18, 153). At that time, the doctor gave plaintiff "indefinite" work restrictions as follows: "[s]eated work mostly" and "[n]o prolonged standing or walking" (AR 18, 147). The ALJ noted that these restrictions were compatible with sedentary work (AR 18). The ALJ also noted that plaintiff "has not had medical treatment for some time" and that plaintiff manages his pain with over the counter medications (i.e., aspirin) and has not described work preclusive adverse medication side effects" (AR 18, 193).

Plaintiff testified that he "probably" could perform sedentary work like his part-time newspaper delivery job, because "[i]t's easy and I can sit. I don't have to stand" (AR 197). He testified that he could stand for about one hour, could probably walk a mile, could lift about 20 pounds, and had no problems sitting, bending over, crouching down, kneeling down or reaching with his arms (AR 194-95). He sometimes has problems climbing stairs and needs to use the handrails (AR 195). Plaintiff uses a cane when he has to walk long distances and when standing on his feet for a long time (AR 192). Plaintiff performs activities such as personal grooming, shopping, cooking, some housework and watching television (AR 196-97). While plaintiff testified that he does not drive, he did not attribute this to his medical condition, but to the fact that his license was suspended in North Carolina and Florida (AR 196). Furthermore, plaintiff testified that he leaves the house to deliver newspapers for three hours a day, seven days a week (AR 189). While this work is not considered substantial gainful employment, such daily activity indicates that plaintiff can perform some work related tasks. Based on this record, both plaintiff's treating physician and his own testimony support the limitations as set forth in the hypothetical question posed to the VE.

Finally, plaintiff contends that the ALJ erred by not including an additional limitation based upon his wife's testimony, i.e., "the clear testimony from Plaintiff's wife was that he would miss a number of days of work per week because his condition simply would become so painful at times that he was confined to his home." Plaintiff's Brief at 6. Contrary to plaintiff's contention, his wife did not provide such "clear testimony" on this issue. Rather, her testimony was as follows:

> Q: Okay, what did you wanna [sic] tell me?
>
> A: Just that -- well, first, we didn't understand why he was denied SSI. And they told us because it wasn't a guarantee that he would be out of work and off his feet for a whole year. He was in a bed for almost eight months before he started walking and practicing walking. {INAUDIBLE] the doctor said go ahead because the pressure, just start with the pressure on your feet, you know, just a little bit at a time. There was no stopping him. He'd [INAUDIBLE] on his little thing and get into his wheelchair and go all over the house. He was determined not to, you know, to let it bring him down and to keep him from, you know, getting to where he wanted to be was back walking. And he, he's just a really good provider and did the things he's supposed to do, and [INAUDIBLE] state assistance. And we still don't get state assistance. He walks around in constant pain now, and his feet are swollen. We either elevate 'em or pack it in ice or sometimes he's like just leave me alone, you know. He's aggravated with it. He can't tie his shoes or do things you know that normal people do. He's gotta be careful walking from the door to the car, the car to the door, or he steps on a pebble and you can just see his whole face just turns red because it hurts, you know. And it's just, this whole, this whole process has just been really hard on the family.

(AR 204).

The ALJ did not explicitly address the testimony of plaintiff's wife. Nevertheless, there appears no basis to remand for consideration of the testimony. This brief testimony from plaintiff's wife does not establish that he is unable to work, will miss work several days a week, or will miss work three days per month. While testifying to plaintiff's difficulties, his wife also acknowledges plaintiff's resoluteness in surmounting his pain. Furthermore, the limitations expressed in this testimony are consistent with the ALJ's RFC determination that plaintiff can only

8

perform a limited range of sedentary work. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).

### IV. Recommendation

I respectfully recommend that the Commissioner's decision be affirmed.


Dated: December 26, 2007                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).